NUMBER
13-01-406-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH
DISTRICT OF TEXAS

 

                                CORPUS
CHRISTI

___________________________________________________________________

 

IDA SALINAS,                                                                      Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                          Appellee.

___________________________________________________________________

 

                        On
appeal from the 105th District Court

                                  of Nueces County, Texas.

__________________________________________________________________

 

                                   O
P I N I O N

 

                  Before
Justices Dorsey, Hinojosa, and Rodriguez

                                Opinion
by Justice Rodriguez

 








In February 1993, pursuant to a plea agreement, appellant, Ida
Salinas, pled guilty to the offense of delivery of a controlled substance.  The trial court deferred adjudicating
appellant=s guilt, and
placed her on community supervision for a period of eight years.  In March 2001, the State filed a motion to
revoke appellant=s community
supervision.  On May 24, 2001, the trial
court found appellant had violated the conditions of her community supervision,
revoked her community supervision, found her guilty of delivery of cocaine, and
sentenced her to ten years in the Institutional Division of the Texas
Department of Criminal Justice.

Appellant=s counsel has
filed a brief in which he concluded this appeal is wholly frivolous and without
merit.  The brief meets the requirements
of Anders v. California, 386 U.S. 738 (1967), as it presents a
professional evaluation of why there are no arguable grounds for advancing an
appeal.  See
Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991); High
v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978).  Counsel certifies in his brief that he served
appellant with a copy of the brief and informed appellant of his right to
examine the appellate record and to file a pro se brief.  No such brief has been filed.

Upon receiving an Anders brief, an appellate court must
conduct Aa full
examination of all proceedings to decide whether the case is wholly frivolous.@  Penson v. Ohio, 488
U.S. 75, 80 (1988).  We have
carefully reviewed the record in this appeal and, finding nothing that would
arguably support an appeal in this cause, agree that this appeal is wholly
frivolous and without merit.  See
Stafford, 813 S.W.2d at 511.








Furthermore, because the trial court sentenced appellant in
accordance with a plea bargain agreement, appellant was required to comply with
the additional notice requirements of rule 25.2(b)(3).  Rule 25.2(b)(3) requires a defendant,
appealing from a plea bargained conviction, to file a notice of appeal stating
the appeal is for a jurisdictional defect, from a ruling on a pre-trial motion,
or show that the trial court granted appellant permission to appeal.  Tex.
R. App. P. 25.2(b)(3); White v. State,
61 S.W.3d 424, 428 (Tex. Crim. App. 2001). 
Appellant=s notice of
appeal did not allege any of the additional notice requirements of rule 25.2(b)(3).

In addition, article 42.12, section 5(b) of the code of
criminal procedure provides that in a case involving deferred adjudication, no
appeal may be taken from the trial court=s decision to
proceed to an adjudication of guilt.  Tex. Code Crim. Proc. Ann. art. 42.12, '
5(b) (Vernon Supp. 2002); Connolly v. State, 983 S.W.2d 738, 741 (Tex.
Crim. App. 1999).  If appellant=s notice of
appeal does not comport with rule 25.2(b)(3), this
Court only has jurisdiction to consider issues relating to: (1) the process by
which appellant was sentenced; or (2) whether the original judgment deferring
appellant=s adjudication
is void.  See Nix v. State, 65
S.W.3d 664, 668 (Tex. Crim. App. 2001); Vidaurri v. State, 49 S.W.3d
880, 885 (Tex. Crim. App. 2001); see also White v. State, 61
S.W.3d at 428.  However, these issues
have not been raised by appellant, nor do any such errors appear in the
record.  We conclude we are without
jurisdiction.  White, 61 S.W.3d at 428. 

Accordingly, we dismiss this appeal for want of jurisdiction.

NELDA
V. RODRIGUEZ,

Justice

 

Do not
publish.

Tex.
R. App. P.
47.3.

 

Opinion delivered and
filed

this 3rd day of July,
2002.